1  Kevin C. Young, Esq., CSB# 125298
   750 B Street, Suite 2550
2  San Diego, CA  92101
   Telephone: (619)232-3090
3  Facsimile: (619)696-0045
   E-Mail: kevincyoungesq@aol.com
4
5  Attorney for Plaintiffs SAMUEL AUSTIN BIRCH and LORAINE DALE HALL
6
7
8                       UNITED STATES DISTRICT COURT
9                     SOUTHERN DISTRICT OF CALIFORNIA

10 SAMUEL AUSTIN BIRCH and            CIVIL ACTION NO.  '12CV2158 JLS  BGS
11 LORAINE DALE HALL,
                                      COMPLAINT FOR INJUNCTIVE RELIEF
12          Plaintiffs,               AND DAMAGES FOR:
                                      (1) VIOLATION OF FAIR CREDIT
13 vs.                                REPORTING ACT;
                                      (2) VIOLATION OF ROSENTHAL FAIR
14 BANK OF AMERICA, N.A.; BAC         DEBT COLLECTION PRACTICES ACT;
   HOME LOANS SERVICING, LP, a        AND
15 California limited partnership,    (3) DECLARATORY RELIEF
16
            Defendants.               DEMAND FOR JURY TRIAL
17

18       Plaintiffs SAMUEL AUSTIN BIRCH and LORAINE DALE HALL (Hereinafter

19 collectively referred to as "Plaintiffs") allege as follows:

20                               THE PARTIES

21       1.      Plaintiffs are, and at all times herein mentioned were, competent adults residing in

22 the City of Solana Beach in the County of San Diego in the State of California.

23       2.      Defendant BANK OF AMERICA, N.A. (Hereinafter "BANK") is, and at all times

24 herein mentioned was, a Federally chartered National Association, doing business in the County

25 of San Diego, State of California.

26       3.      Defendant BAC HOME LOANS SERVICING, LP (Hereinafter "BAC") is, and at

27 all times herein mentioned was, a California limited partnership doing business in the County of

28 San Diego, State of California.

---

Complaint for Violations of FCRA, RFDCPA                                    Page  -1-
and Declaratory Relief

4.      Plaintiffs are informed and believe, and thereon allege that at all relevant times herein, defendants and each of them, were the agents, representatives, partners, or principals for each other, and were acting within the course and scope of their authority as such agent, representative, partner, or principal, and with the permission and consent of each of the other defendants or with their ratification.

5.      Plaintiffs are the owners of certain real property commonly known as 744 South Cedros Avenue, Solana Beach, California 92075 (Hereinafter "the real property"), whose legal description is as follows:

> LOT 18, VILLA DEL MAR UNIT NO. 1, IN THE CITY OF
> SOLANA BEACH, COUNTY OF SAN DIEGO, STATE OF
> CALIFORNIA, ACCORDING TO MAP THEREOF NO. 3332,
> FILED IN THE OFFICE OF THE COUNTY RECORDER OF
> SAN DIEGO COUNTY, NOVEMBER 15, 1955.

6.      BAC is the reputed mortgage serving company for the trust deed for the loan on the real property.

7.      BANK is the parent company of BAC and also does business as Bank of America Home Loans.

<u>JURISDICTION AND VENUE</u>

8.      This is an action seeking relief under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq*. as amended (Hereinafter "FCRA") and under the California Rosenthal Fair Debt Collection Practices Act, Civil Code sections 1788, *et seq.* (Hereinafter "RFDCPA"), which both control the information included in credit reports by placing duties on those who provide information to the credit reporting agencies and providing consumers a right action against those who wrongfully furnish credit information.

9.      An action for declaratory relief is further sought based upon the disputed monies owed on the loan modification agreement contract between the parties and on fees charged by defendants.

10.     Original jurisdiction in the Federal Court is proper pursuant to 28 U.S.C. § 1331 and 1343, for a claim arising under a federal law, and supplemental jurisdiction in the Federal Court is proper under 28 U.S.C. section 1367, for a claim arising under state law.

11.     Venue is proper under 28 U.S.C. section 1391(b) and applicable Local Rules, in that all material events occurred within the Court's assigned geographical area.

FACTS

12.     In August of 2011, plaintiffs entered into a loan modification agreement (Hereinafter "the Modification Agreement") with defendant BANK.  A true and correct copy of said loan modification agreement is attached and marked as Exhibit "1" hereto.  Under the terms of the modification agreement, past due interest and escrow payments under the original loan were capitalized, being added to the principal balance of the loan owed by plaintiffs

13.     Plaintiffs have timely made all monthly payments owed under the terms of the modification agreement.

14.     In September and October of 2011, upon making their payments under the modification agreement, defendants reported to the consumer reporting agencies that plaintiffs were current on their loan payments to defendants.

15.     In November of 2011, despite having made their loan payment timely, defendants reported to the consumer reporting agencies that plaintiffs were delinquent on their loan payments.

16.     In November of 2011, plaintiffs received correspondence from defendants contending that while defendants had received plaintiffs' monthly loan payment, plaintiffs nevertheless owed an additional $10,233.55.  A true and correct copy of said correspondence, dated November 7, 2011, is attached and marked as Exhibit "2" hereto.

17.     In response to inquiries and attempts to resolve the claim by defendants that additional monies were due, defendants claimed they had no record of the modification agreement with plaintiffs.

18.     Despite the continuing claim by defendants that there was no modification agreement with plaintiffs, each month from November of 2011 through March of 2012, defendants continued to accept plaintiffs' monthly payments made under the terms of the modification agreement, and defendants continued to report to the consumer reporting agencies that plaintiffs were delinquent on their loan payments.

19.     From November of 2011 through March of 2012, plaintiffs made numerous inquiries, including telephone conferences, with defendants attempting to correct the continuing denials by defendants of the existence of the modification agreement.

20.     On or about March 27, 2012, defendants acknowledged the modification agreement with plaintiffs, but nevertheless continued to claim that plaintiffs nevertheless owed an additional $10,233.55.  Defendants now claimed that such additional debt was owed for past due escrow fees despite all past due escrow fees having been capitalized into the principal of plaintiffs' loan under the terms of the modification agreement.

21.     Each month from April of 2012 through and including the present, defendants continued to accept plaintiffs' monthly payments made under the terms of the modification agreement, and defendants continued to report to the consumer reporting agencies that plaintiffs were delinquent on their loan payments.

22.     From April of 2012 through and including the present, defendants continued to assert that plaintiffs' owe and are delinquent on pre-modification agreement escrow fees in the amount of $10,323.39.

23.     Plaintiffs contend that they are not delinquent on any payments owed under the terms of the modification agreement.

24.     In direct conflict with defendants' claims of the underpayment of amounts due to defendants, by correspondence dated May 14, 2012, defendants notified plaintiffs that after reviewing plaintiffs' loan account plaintiffs had overpaid fees on their loan by $92,075.00.  A true and correct copy of said correspondence, dated May 14, 2012, is attached and marked as Exhibit "3" hereto.  Subsequently, defendants have failed and refused to repay the admitted overage in fees collected from plaintiffs.

<u>FIRST CLAIM FOR RELIEF</u>

(Violations of the FCRA)

{As against all Defendants}

25.     Plaintiffs replead and reallege paragraphs 1 through 23, inclusive, of this Complaint and incorporates each of the same herein by this reference.

26.     At all times pertinent hereto Defendants are each a "person" as defined by 15 U.S.C. § 1681a(b).  Defendants violated section 1681 of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

27.     Defendants' misconduct was willful, malicious and in conscious disregard of plaintiffs' rights.

28.     Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to Plaintiffs, and as a result Defendants are liable to compensate Plaintiffs for the full amount of statutory, actual and punitive damages to be proven at trial.

<u>SECOND CLAIM FOR RELIEF</u>

(Violations of RFDCPA)

{As against all Defendants}

29.     Plaintiffs replead and reallege paragraphs 1 through 23, inclusive, of this Complaint and incorporates each of the same herein by this reference.

30.     Defendants are debt collectors as defined by California Civil Code §1788.2© of the RFDCPA.

31.     Plaintiffs are debtors and persons as defined by California Civil Code §§1788.2(h) and 1788.2(g) of the RFDCPA, respectively.

32.     Plaintiffs' debt as set forth herein is a consumer debt resulting from consumer credit transactions as defined by California Civil Code §§1788.2(h) and 1788.2(g) of the RFDCPA, respectively.

33.     Plaintiffs' credit reports are consumer credit reports as defined by California Civil Code §1788.2(j) of the RFDCPA.

34.     Defendants violated California Civil Code §1788.10© of the RFDCPA by communicating to the credit reporting agencies inaccurate information which Defendants know or has reason to believe will defame Plaintiffs.  Defendants' acts as described herein were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the

1    law and with the purpose of coercing Plaintiffs to pay monies relating to the inaccurate

2    information.  As a result of the above violations of the RFDCPA, Defendants are liable to

3    Plaintiffs in the sum of Plaintiff's statutory damages and actual damages to be proven at trial.

4                                    THIRD CLAIM FOR RELIEF

5                                       (Breach of Contract)

6                                       {As against BANK}

7            35.    Plaintiffs replead and reallege paragraphs 1 through 23, inclusive, of this

8    Complaint and incorporates each of the same herein by this reference.

9            36.    Plaintiffs have performed all of their obligations under the modification

10   agreement with BANK except for those obligations plaintiffs are excused from performing.

11           37.    The modification agreement between plaintiffs and BANK contained an implied

12   covenant of good faith and fair dealing by which BANK promised to act in good faith towards,

13   and to deal fairly with, plaintiffs concerning all matters related to the modification agreement so

14   as not to deprive plaintiff of, or injure their rights to receive, the benefits of such contractual

15   agreement.

16           38.    After having received and accepted plaintiffs' performance pursuant to the

17   modification agreement between the parties, and for the purpose of avoiding its obligations under

18   the modification agreement BANK breached the covenant of good faith and fair dealing.

19           39.    As a result of the breaches by BANK of the agreements, plaintiffs have suffered,

20   and will continue to suffer, damages in an amount to be proven at trial.

21                                  FOURTH CLAIM FOR RELIEF

22                                      (Declaratory Relief)

23                                   {As against all Defendants}

24           40.    Plaintiffs replead and reallege paragraphs 1 through 24, inclusive, of this

25   Complaint and incorporates each of the same herein by this reference.

26           41.    An actual controversy has arisen and now exists between plaintiffs and defendants

27   concerning their respective rights and duties in the following respects:

28   \ \ \

---

1    a. Plaintiffs contend that the modification agreement is a valid enforceable

2    contract, and that there are no past due escrow fees owed by plaintiffs under the terms of the

3    modification agreement;

4    b. Plaintiffs are informed and believes, and thereon alleges, that Defendants

5    contend that plaintiffs' owe and are delinquent on pre-modification agreement escrow fees in the

6    amount of $10,323.39;

7    c. Plaintiff further contends that by defendants' admission, plaintiffs' overpaid

8    fees on their loan by $92,075.00, which is due and owing to plaintiffs; and

9    d. Plaintiffs are further informed and believes, and thereon alleges, that

10   defendants' deny plaintiffs' overpaid fees on their loan by $92,075.00, and deny that any monies

11   are owed to plaintiffs.

12   42.   Plaintiffs desire a judicial determination of the respective rights and duties of

13   plaintiffs and defendants with respect to the disputed contentions between the parties on their

14   respective rights and obligations.

15   43.   A judicial declaration is necessary and appropriate at this time under the

16   circumstances in order that plaintiffs may ascertain their rights and duties with respect to the

17   modification agreement.  Unless plaintiff obtains such a declaration, plaintiffs will suffer

18   significant financial burdens.

19   44.   Plaintiffs have exhausted all informal efforts to resolve the disputes and

20   controversies between plaintiffs and defendants, who has failed and refused to meet with plaintiff

21   to address these issues and have unreasonably refused to provide plaintiffs with the information

22   and input so that they can make an informed decision regarding the modification agreement and

23   selling their home.

24   <u>PRAYER FOR RELIEF</u>

25   WHEREFORE, Plaintiffs pray for judgment against defendants as follows:

26   <u>As to All Causes of Action</u>:

27   1.   For damages in such sums as shall be proven at the time of trial;

28   2.   For costs of suit herein incurred, including attorney's fees; and

1        3.     For such other and further relief as the Court may deem just and proper.

2    <u>As to the First and Second Causes of Action</u>:

3        4.     For punitive damages.

4    <u>As to the Fourth Cause of Action for Declaratory Relief</u>:

5        5.     For a declaration that the modification agreement is a valid enforceable contract,

6    and that there are no past due escrow fees owed by plaintiffs under the terms of the modification

7    agreement, and that plaintiffs' overpaid fees on their loan by $92,075.00, which is due and owing

8    from defendants.

9    Dated: August 27, 2012

                                _____

10                                     Kevin C. Young, Esq.
                                  Attorney for Plaintiffs

11                                     SAMUEL AUSTIN BIRCH and
                                  LORAINE DALE HALL

12

13

14                           **<u>DEMAND FOR JURY TRIAL</u>**

15         Plaintiffs SAMUEL AUSTIN BIRCH and LORAINE DALE HALL hereby demands a

16   trial by jury on all issues as may be triable in this action.

17   Dated: August 27, 2012                        */s/ Kevin C. Young*

18                                       Kevin C. Young, Esq.
                                  Attorney for Plaintiffs

19                                     SAMUEL AUSTIN BIRCH and
                                  LORAINE DALE HALL

20

21

22

23

24

25

26

27

28